UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL., WANDA STEPHENSON | CIVIL ACTION |
| VERSUS | NO. 12-1043 |
| ARCHER WESTERN CONTRACTORS, LLC, ET AL | SECTION "N"  (5) |

### ORDER AND REASONS

Before the Court are the following motions:  (1) Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 163)** and Supplemental Motion and Application for Attorneys' Fees, Costs, and Expenses  **(Rec. Doc. 175)**, filed by defendant Tammany Holding Company, L.L.C.; (2) Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 164)** and Supplemental Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 176)**, filed by intervener Milling Benson Woodward L.L.P.; (3) Bertucci Contracting Co., LLC's Motion for Costs, Expenses, and Attorney's Fees **(Rec. Doc. 173)**; (4) Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 180)**, filed by defendant Pearlington Dirt, L.L.C.; (5) Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 181)**, filed by defendant Archer Western Contractors, LLC; (6) Willow Bend Ventures, LLC's Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 182)**; and (7) Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 183)**, filed by defendant Batom Enterprises, LLC.   Plaintiff has filed an opposition memorandum (Rec. Doc. 184), and certain defendants have filed reply memoranda (Rec. Docs. 189, 191, 193, 196).

**I.     BACKGROUND:**

The background of this case is set forth in the Fifth Circuit's recent opinion, *U.S. ex rel. Stephenson v. Archer Western Contractors, L.L.C.,* — Fed. App'x —, 2013 WL 6225221 (5th Cir. Dec. 2, 2013).  In summary, the plaintiff, Wanda Stephenson, brought this *qui tam* action under the False Claims Act (FCA), alleging that the defendants had made or caused to be made false statements in seeking payment for delivering clay material to the United States Army Corps of Engineers in connection with various levee-building projects.  She claimed that the trucking defendants had exceeded federal weight limits in delivering the clay, that the pit-operator defendants had allowed overweight trucks to leave their sites, and that the prime contractors had made false statements in seeking payment because they had certified compliance with the contract, which in turn required compliance with all federal, state, and local laws, when in fact trucks had exceeded weight limit laws.  The United States declined to intervene.

On March 6, 2013, this Court granted the defendants' Rule 12(b)(6) and Rule 9(b) motions, dismissing the plaintiff's claims.  The district court gave the plaintiff twenty days in which to amend her complaint, warning her that if she did so and failed to satisfy the requirements Rule 12(b) and Rule 9(b), the Court "would be willing to entertain, upon dismissal, a motion for fees and costs in connection with a subsequent pleading."  Rec. Docs. 140, 158 at 24-26.  Stephenson did not move to amend her complaint, and final judgment was entered on April 1, 2013.  Rec. Doc. 141.  The plaintiff appealed this Court's rulings, which the Fifth Circuit affirmed.  *See U.S. ex rel. Stephenson,*, 2013 WL 6225221 (Rec. Doc. 178-1).  In the interim, the intervener (Milling Benson) and certain defendants filed the instant motions for attorney fees.  Rec. Docs. 163, 164, 173).  The remaining motions were filed after entry of the

2

Court of Appeals' Judgment.

## II.  LAW AND ANALYSIS:

A majority of the movants[1] rely primarily on 31 U.S.C. § 3730(g) as their basis for attorney fees and expenses.  Section 3730(g) provides:

> **(g)** Fees and expenses to prevailing defendant. — **In civil actions brought** under this section **by the United States**, the provisions of section 2412(d) of title 28 shall apply.

31 U.S.C. § 3730(g) (emphasis added).  Section 2412(d) of Title 28, in turn, provides:

> **(d)(1)(A)** Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party **in any civil action** (other than cases sounding in tort), including proceedings for judicial review of agency action, **brought by or against the United States** in any court having jurisdiction of that action, **unless the court finds that the position of the United States was substantially justified** or that special circumstances make an award unjust.
>
> **(B)** A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  **The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record** (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> \*     \*     \*     \*
>
> **(2)** For the purposes of this subsection–
>
> \*     \*     \*     \*

---

[1] All movants rely on 31 U.S.C. § 3730(g) with the exception of Bertucci Contracting Company, LLC, who relies solely on § 3730(d)(4), discussed *infra*.

3

>**(D) "position of the United States"** means, in addition to <u>the position taken by the United States in the civil action</u>, **the action or failure to act by the agency upon which the civil action is based**; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings;
>
>\*   \*   \*   \*
>
>**(4)  Fees and other expenses awarded under this subsection to a party <u>shall be paid by any agency over which the party prevails</u>** from any funds made available to the agency by appropriation or otherwise**.**

28 U.S.C. § 2412(d) (emphasis added).

The plaintiff argues that these provisions are limited on their face to actions "brought by the United States" and thus have no application in a case such as this, where the United States has declined to intervene.  The Court agrees.  The movants argue that the statute "is silent as to any requirement that the United States be a party to the suit."  *E.g.,* Rec. Docs. 189, 191 at 4.  This ignores the express text of both statutes, which limit their application to "civil actions brought...by the United States."  31 U.S.C. § 3730(g); 28 U.S.C. § 2412(d)(1)(A) ("a court shall award to a prevailing party...fees and other expenses...incurred by that party *in any civil action...brought by or against the United States*") (emphasis added).   The clear, straightforward meaning of this text is further bolstered by the additional statutory language highlighted in bold above.  For example, the critical determination for the Court in awarding fees under section 2412(d) is whether "the position taken by the United States in the civil action" was "substantially justified."  28 U.S.C. § 2412(d)(1)(B), (2)(D).  The United States took no position in this action other than to decline to be a part of it.  Moreover, fees awarded under section 2412(d) are to be paid by the "agency over which the party prevails."  28 U.S.C. § 2412(d)(4).  Yet, here, the movants seek payment from Wanda Stephenson, not the United States or any of its agencies.

The inapplicability of section 3730(g) is further underscored by the fact that the False Claims Act provides expressly for the recovery of attorney fees in cases such as this, where "the Government does not proceed with the action and the person bringing the action [*i.e.,* the *qui tam* relator] conducts the action." 31 U.S.C. § 3730(d)(4). That provision is section 3730(d)(4), which provides a different standard for recovery than that provided in section 3730(g), as discussed below.

Finally, every court to consider the issue has agreed that section 3730(g) does not apply in actions where the United States has declined to intervene. For example, in *Pugach v. M & T Mortg. Corp.,* 564 F. Supp. 2d 153, 155 (E.D.N.Y. 2008), the *qui tam* plaintiff argued that the rate for the defendant's attorneys fees should be capped at $125 per hour, as provided in the Equal Access to Justice Act, which the plaintiff argued should apply by virtue of 31 U.S.C. § 3730(g). *Id.* The Court disagreed:

> Section 3730(g) limits attorneys' fees that may be awarded to a prevailing defendant in False Claims Act suits "brought ... by the *United States*" (emphasis added). That section incorporates 28 U.S.C. 2412(d), which provides, in relevant part, that for purposes of a fee award to a prevailing party in an action brought by or against the United States, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." However, this action was not brought by the United States, which declined to intervene in this case, but by plaintiffs. Where the government has declined to intervene, the provisions of § 3730(d)(4), which require only that the attorneys' fees awarded be "reasonable," apply.

*Pugach,* 564 F. Supp. 2d at 155 note 1 (emphasis in original).

Likewise, in *U.S. ex rel. Lee v. Fairview Health Systems,* 2004 WL 1638252 * 5-6 (D. Minn. 2004), the Court, after carefully parsing the statutory text, rejected the defendants' request for attorney fees pursuant to 31 U.S.C. § 3730(g):

>The Court will not award attorneys' fees, costs, or disbursements to Fairview. This action was not brought by the United States; rather, it is a *qui tam* suit brought by Lee, a private plaintiff, and the United States has declined to intervene.[10] Moreover, Fairview has presented no evidence demonstrating that it is a "party," as that term is defined, entitled to fees and costs.
>
>>[10] The appropriate provision for Fairview's request is § 3730(d)(4), which provides:
>>
>>>If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.
>>
>>31 U.S.C. § 3730(d)(4). But even if Fairview had utilized this provision, the Court would not award it fees and expenses because Lee's claim was not "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." *Id*.

*Lee*, 2004 WL 1638252 * 5-6.[2] Other courts, though not confronted with the issue directly, have made similar observations. *See U.S. ex rel. Costner v. U.S.,* 317 F.3d 889, 891 ) (8th Cir. 2003) ("§ 3730(g) provides for an award of costs to a prevailing defendant <u>when the government intervenes</u>") (emphases added); *U.S. ex rel. Mikes v. Straus,* 1995 WL 6798 *2 (S.D.N.Y. 1995) ("To apply the EAJA to private plaintiffs authorized by Congress to bring an action under 31 USC 3729 could have a chilling effect contrary to the purpose of the *qui tam* Act."). For all of these reasons, the Court finds that 31 U.S.C. § 3730(g) does not provide a basis for attorney fees or expenses in this case.

---

[2] The Court notes that, like the defendants in *Lee*, the movants here have presented no evidence that they meet the definition of "party" set forth in 28 U.S.C. 2412(d)(2)(B).

This leaves the movants with their alternate argument that fees are warranted under 31 U.S.C. § 3730(d)(4). This provision provides:

> If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses **if** the defendant prevails in the action and **the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.**

31 U.S.C. § 3730(d)(4) (bold added). As the highlighted text makes clear, this provision limits fee awards to cases in which the court finds the relator's claim to be "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." *Id.* There is no indication that the suit was vexatious or brought for harassment. Thus, the question for the Court is whether the plaintiff's claims were "clearly frivolous." The Court finds that they were not.

An "award of fees under the false claims act is reserved for rare and special circumstances." *United States ex rel. Rafizadeh v. Continental Common, Inc.*, 553 F.3d 869, 875 (5th Cir. 2008) (quoting *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006–7 (9th Cir. 2002)). "An action is not frivolous if existing law or a reasonable suggestion for its extension, modification, or reversal supports the action." *Id.* at 875. While this Court (and the Court of Appeals) found the plaintiff's allegations to be insufficient, her claims were not so obviously precluded under existing jurisprudence that she can be said to have had no good faith basis for her arguments. Moreover, her claims were dismissed on the very first judicial review of her complaint. Rather than amend her pleadings, the plaintiff took heed of this Court's warning (regarding attorneys fees for future proceedings) and chose instead to seek appellate review, as was her right. If the defendants believed the appeal to be frivolous, they could have sought relief

in the Court of Appeals. *See* Fed. R. App. P. 38.[3]

Because the Court does not find that the plaintiff's claims were "clearly frivolous" so as to warrant fees and expenses under 31 U.S.C. § 3730(d)(4), the Court need not address the plaintiff's argument that the motions are untimely pursuant to Rule 54(d)(2).

### III.  CONCLUSION:

For the foregoing reasons; accordingly,

**IT IS ORDERED** that the following motions are hereby **DENIED**:

(1)   Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 163)** and Supplemental Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 175)**, filed by defendant Tammany Holding Company, L.L.C.;

---

[3] The movants (other than Bertucci) are mistaken in their belief that this Court's warning regarding fees and costs extended to a future appeal. The Court stated:

> I'm going to let the plaintiff, if she can, attempt an amendment. You'll have 20 days from today to file an amended complaint. It should necessarily address each and every of the arguments made by each of the defendants. When I say that, I mean it must parse out for each defendant what each defendant did and all of the particulars under 9(b), and address scienter of each defendant individually and separately. If plaintiff cannot do that, I would expect that that particular defendant for which it cannot be so alleged would not be included; in fact, that defendant would be dismissed. To the extent that an amended pleading is made against a particular defendant and it does not survive a successful Rule 12 motion or Rule 9(b), I would be willing to entertain, upon dismissal, a motion for fees and costs in connection with a subsequent pleading. So I'm going to ask plaintiff to be very, very careful in an attempt to replead this case. If the plaintiff feels that the current allegations are sufficient and chooses not to amend, but rather would seek a review of my granting of the motions by the Circuit, I would be open to that idea as well.

Rec. Doc. 158 at 26. In stating that it was "open to" the idea of appeal, the Court was inviting the plaintiff to appeal the ruling, not threatening her with fees if she chose to do so.

(2) Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 164)** and Supplemental Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 176)**, filed by intervener Milling Benson Woodward L.L.P.;

(3) Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 180)**, filed by defendant Pearlington Dirt, L.L.C.;

(4) Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 181)**, filed by defendant Archer Western Contractors, LLC;

(5) Willow Bend Ventures, LLC's Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 182)**; and

(6) Motion and Application for Attorneys' Fees, Costs, and Expenses **(Rec. Doc. 183)**, filed by defendant Batom Enterprises, LLC.

**IT IS FURTHER ORDERED** that Bertucci Contracting Co., LLC's Motion for Costs, Expenses, and Attorney's Fees **(Rec. Doc. 173)** is hereby **DENIED IN PART**, in that it is denied with respect to attorneys fees and expenses pursuant to 31 U.S.C. § 3730, and **DENIED WITHOUT PREJUDICE IN PART** as to Bertucci Contracting Co., LLC's request to file a bill of costs pursuant to Rule 54(d)(1). Bertucci may file the bill; however, the Court makes no findings as to the timeliness or merits of such a bill, which issues are not before the Court.

New Orleans, Louisiana, this 17th day of March, 2014.

                                              **KURT D. ENGELHARDT**
                                              **UNITED STATES DISTRICT JUDGE**